## The Jennie Hayes.

*(District Court, N. D. Iowa. January 18, 1889.)*

MARITIME LIENS—WAGES—PENALTIES.

The lien of seamen for wages takes priority over claims of the United States for penalties incurred by the vessel for failure to keep posted the certificate of inspection, to have the name of the vessel painted upon the stern, or to carry sufficient life-preservers, as required by statute; and it is immaterial that the seamen served with knowledge of such failures on the part of the vessel, as the statutes do not impose upon them any duty with respect thereto.

In Admiralty. Libels by United States for penalties, and by seamen for wages. On distribution of fund.

*T. P. Murphy,* U. S. Dist. Atty

*Utt Bros. & Michel* and *Henderson, Hurd, Daniels & Kiesel,* for seamen.

SHIRAS, J. On the 6th day of October, 1887, the surveyor of the port of Dubuque seized the steamer Jennie Hayes, then plying upon the waters of the Mississippi river, for violation of the provisions of the statutes of the United States requiring the net tonnage of the vessel to be deeply carved or otherwise permanently marked on the main beam thereof, as required by section 5 of the act of June 19, 1886; requiring the name and port to which the vessel belongs to be painted on the stern upon a black ground, as provided in section 4334 of the Revised Statutes; re-

quiring copies of the original inspection of the vessel to be kept posted in conspicuous places, as provided for by section 4423 of the Revised Statutes; requiring a life-preserver or float for every cabin and deck passenger which the vessel is authorized to carry, as provided for by section 4482 of the Revised Statutes. Subsequently a libel, in proper form for the enforcement of the penalties provided for such infractions of the statutes, was filed in this court by the United States district attorney, and also libels on behalf of the seamen who had been employed on the vessel. Upon due application, and by consent of all interested, an order was made for the sale of the vessel, and the proceeds realized therefrom was paid into the registry of the court. The evidence taken in the cause substantiates the violations of the statutes in the particulars named, thus showing that the United States is entitled to recover against the vessel the penalties provided in the sections above referred to. It is also shown that certain sums are due to the seamen employed upon said vessel, which were liens upon said vessel when the same was seized and libeled on behalf of the United States; the amount due the seamen exceeding the amount realized from the sale of the vessel after paying the costs of seizure and sale.

The question for determination is as to the priority of the liens. The fact that the government has by purchase, forfeiture, or otherwise become the owner of a vessel does not, *ipso facto*, displace or defeat liens in favor of seamen or material-men, is settled by the decisions of the supreme court in the cases of *The St. Jago de Cuba*, 9 Wheat. 409, and *The Siren*, 7 Wall. 152. It is, however, argued on behalf of the government that these cases recognize the distinction between legal and illegal voyages or ventures, and deny the right to a lien on behalf of seamen who knowingly engage in such unlawful voyage; and that it was unlawful for the Jennie Hayes to ply upon the waters of the Mississippi without complying with the statutory requirements. It may well be that seamen who should knowingly engage as such upon a vessel used in the slave trade, as was the fact in the case of *The St. Jago de Cuba*, should be denied relief when they seek to recover wages for such illegal venture. In such case it would appear that they knowingly and intentionally aided in a violation of the laws of the United States, for which violation they would be liable to punishment, and under such circumstances the services upon which they would base their right to a lien would be illegal. There is no provision in the statute of the United States which declares that a seaman shall be liable to punishment for serving upon a vessel which fails to observe the requirements of the statutes in regard to keeping posted the certificates of inspection, or to have carved upon the main beam the amount of her tonnage, or to have the name painted upon the stern of the vessel. The seamen are not charged with any duty in these respects, nor made liable if the statutory requirements are not observed. If it should be held that seamen serving upon vessels failing to observe these requirements have no lien upon the vessels for their wages, this would, in effect, be inflicting a punishment upon them for such violations of the statutes, when the statutes do not so provide. If, however, the seamen are entitled to

a lien for their wages, then such lien, under the rule recognized and enforced by the supreme court in the cases above cited, is superior and paramount to that of the United States. Upon the facts disclosed upon the record in this cause it must be held that the seamen have a lien upon the proceeds of the vessel for the wages due them, and that such liens are entitled to priority over the claim of the government.